IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY L. POLK, | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-309J |
| | ) | Judge Kim R. Gibson |
| JOHN YOST, | ) | |
| Respondent | ) | |

## MEMORANDUM OPINION AND ORDER

On December 7, 2009, Gregory Polk ("Petitioner"), a federal prisoner incarcerated at FCI-Loretto, which is physically located within this District, submitted a Section 2241 habeas petition for filing. By means of this Section 2241 petition, he sought to challenge the Bureau of Prisons' determination denying Petitioner placement in an in a Pre-release Center ("PRC"), also known as a half way house prior to Petitioner's completing his sentence.

After being granted an extension of time in which to file their answer, the Respondents filed their answer on April 20, 2010. The answer raised a number of defenses, including the defense that the Petitioner failed to exhaust his administrative remedies. ECF No. 7 at 9 to 13. The answer also indicated that, assuming Petitioner received all good conduct time credit available to Petitioner, he would complete his sentence as of July 17, 2010. ECF No. 7 at 6.

On August 10, 2010, the Court issued an Order to Show cause by Petitioner, requiring that he inform the court as to whether or not he had been released and if so, why this case was not moot. ECF No. 9. Petitioner was instructed to respond to this order to show cause no later than August 30, 2010. Petitioner did not respond. On November 1, 2010, an order was issued referring this case back to Judge Gibson from the late Chief Magistrate Judge Amy Reynolds

Hay, which order was prompted by her untimely passing. That order was returned to the Court with a notation on the envelope indicating "Return to Sender, unable to forward." Apparently, Petitioner was released and did not so inform the Court.

Rule 41(b) of the Federal Rules of Civil Procedure[1] deals with involuntary dismissals and provides, in relevant part, that a court may dismiss an action

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court . . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

"A Rule 41(b) dismissal may be entered sua sponte or on motion of a party." Pickel v. United States, 746 F.2d 176, 182 n.7 (3d Cir. 1984). A court's decision to dismiss for failure to prosecute is committed to the court's discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998)("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[2] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute or to comply with other procedural rules. Harris v. City of

---

[1] The Federal Rules of Civil Procedure are applicable to habeas petitions insofar as those rules are not inconsistent with habeas practice. See Rule 11 of the Rules Governing Section 2254 Cases. Applying Rule 41(b) is not inconsistent with habeas practice. See, e.g., Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997)("we cannot say that the district court's application of Fed.R.Civ.P. 41(b) conflicts with the habeas rules.").

[2] See e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

2

Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995). Those six Poulis factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). For the Court of Appeals has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

In considering the Poulis factors to the extent applicable herein, factor one appears to weigh in favor of dismissal for, unlike a represented party who could blame failures on an attorney, Petitioner (who is pro se), appears to be solely responsible for not complying with the court's simple order to show cause by the deadline given. It is difficult to assess the second Poulis factor of prejudice to the Respondents, but we will assume that there is little if any prejudice resulting to them from Petitioner's failure to respond to the show cause order. Hence, the court will not consider this factor as weighing against Petitioner. Taking up factor number three, again, the court does not have sufficient information to determine whether this factor weighs for or against Petitioner because there is not an extensive history with Petitioner. The fourth factor of wilfulness appears to weigh against Petitioner insofar as he has not responded nor

3

has he sought an extension of time in which to do so nor has he explained why he has not responded. In considering the fifth factor, it does not appear to this Court, what other action the Court can take to cause Petitioner to move the case forward. Next, the court addresses factor number 6, it is difficult to assess the meritoriousness of Petitioner's claims but given the defense of failure to exhaust, which was raised by the Respondents, it is doubtful that Petitioner would have succeeded in this case.

In considering all of these factors, the court finds most significant Petitioner's apparent wilful failure to respond to the court's order, requiring a simple action on his part. The court deems this failure to be a good barometer of Petitioner's will, or lack thereof, to prosecute this case. In light of this, the court will dismiss the case for failing to comply with court orders and/or for failing to prosecute.

In the alternative, to the extent that Petitioner has now been released from all custody flowing from his sentence, this habeas case is now moot and will be dismissed as such. Lane v. Williams, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot.").

**Conclusion**

Accordingly, the following order is entered:

**AND NOW** this 29th day of November 2010, the petition for writ of habeas corpus filed, pursuant to 28 U.S.C. § 2241, is hereby **DISMISSED** for failure to prosecute or, in the alternative, as moot.

Kim R. Gibson

United States District Judge

Dated: November 29, 2010

cc:

Gregory L. Polk
12974-084
FCI Loretto
P.O. Box 1000
Loretto, PA 15940

All Counsel of Record via CM-ECF